**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BELINDA CAROL HATCHER,

        Plaintiff,

vs.                                            Case No. 3:17-cv-542-J-JRK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,
performing the duties and functions not
reserved to the Commissioner of
Social Security,

        Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Belinda Carol Hatcher ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of diabetes, arthritis, severe migraines, "morbid obesity," "profuse sweating due to inability to focus," Raynaud's phenomenon, allergies, anxiety, and major depressive disorder. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed July 14, 2017, at 372, 383, 568 (emphasis omitted). On February 12, 2013,[2] Plaintiff filed applications for DIB and SSI. Tr. at 534-35 (DIB); Tr. at 536-45 (SSI). Plaintiff alleged

---

      [1]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed July 14, 2017; Reference Order (Doc. No. 14), entered July 18, 2017.

      [2]      Although actually completed on February 12, 2013, see Tr. at 534 (DIB), 536 (SSI), the protective filing date of the applications is listed elsewhere in the administrative transcript as January 16, 2013, see Tr. at 372 (DIB), 383 (SSI). This does not affect the Court's Opinion.

an onset disability date of August 10, 2011 in her DIB application, Tr. at 534, and an onset disability date of December 15, 2004 in her SSI application. Tr. at 536.[3] Plaintiff's applications were denied initially, see Tr. at 372-82, 394, 432-36, 437 (DIB); Tr. at 383-93, 395, 438-43, 444 (SSI), and were denied upon reconsideration, see Tr. at 396, 398-413, 461-65, 466 (DIB); Tr. at 397, 414-29, 467-72, 473 (SSI).

On June 26, 2015, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 332-71. At the time of the hearing, Plaintiff was fifty-five years old. Tr. at 339. On July 22, 2015, the ALJ issued a Decision, finding Plaintiff not disabled through the date of the Decision. Tr. at 312-26.

On August 4, 2015, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 305. The Appeals Council accepted additional evidence consisting of correspondence, a brief authored by Plaintiff's counsel, and medical records dated July 13, 2015. Tr. at 5, 6; see Tr. at 17-19 (correspondence), 64-65 (brief), 1180-83 (medical records). On March 30, 2017, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On May 11, 2017, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff generally makes the following arguments: 1) The ALJ erred in finding at step two of the sequential inquiry that Plaintiff's depression and anxiety were non-

---

[3] Although the SSI Application Summary states the alleged onset disability date is December 15, 2004, see Tr. at 536, the Disability Determination Denial states that it is August 10, 2011, see Tr. at 383. This discrepancy does not affect the Court's Opinion. The ALJ found that "the earliest date [Plaintiff's] disability can be adjudicated is December 14, 2011" because Plaintiff had previously filed applications for DIB and SSI that were denied on December 13, 2011. Tr. at 312. Plaintiff does not dispute the ALJ's finding.

severe impairments; and, 2) the ALJ's residual functional capacity ("RFC") failed to take into account Plaintiff's headaches, irritable bowel syndrome ("IBS"), and mental impairments. See Plaintiff's Memorandum—Social Security (Doc. No. 16; "Pl.'s Mem."), filed September 15, 2017, at 14-18 (first argument), 4-23 (second argument).[4] On November 13, 2017, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be affirmed.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ engaged in the five-step sequential inquiry. See Tr. at 314-26. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since

---

[4] Plaintiff jointly discusses her arguments regarding the ALJ's step-two finding and the RFC determination as it relates to Plaintiff's depression and anxiety. See Pl.'s Mem. at 14-18.

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

-3-

December 14, 2011, the earliest date [Plaintiff's] disability can be adjudicated." Tr. at 314 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: migraine headaches, right lateral epicondylitis (tennis elbow), [IBS], and obesity." Tr. at 314 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 320 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff] is an individual whose migraine headaches, right tennis elbow, [IBS], and obesity limit her to performing light exertional work activities. She can individually sit, stand, walk, push and/or pull with her left upper extremity and both lower extremities for at least six of eight hours each eight-hour workday. She can lift/carry 20 pounds occasionally (up to 1/3 of an eight-hour workday) and 10 pounds frequently (up to 2/3 of an eight-hour workday). She can individually climb and push/pull with her right upper extremity for no more than 1/3 of an eight-hour workday. She should avoid even moderate exposure to hazardous work environments.

Tr. at 321.

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff is "capable of performing past relevant work as a preschool teacher" and that "this work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. at 325 (emphasis and citation omitted). The ALJ did not make alternative findings regarding the fifth step of the sequential inquiry. See Tr. at 325-26. The ALJ concluded that Plaintiff "has not been under a disability . . . from December 14, 2011, through the date of th[e D]ecision." Tr. at 326 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42

-4-

U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

The undersigned initially addresses Plaintiff's argument that the ALJ erred in finding at step two of the sequential inquiry that Plaintiff's depression and anxiety are non-severe. Then, the undersigned turns to Plaintiff's argument that the ALJ did not account for certain impairments in formulating the RFC.

### A. Step-Two Finding

Plaintiff contends that the "medical evidence establishes Plaintiff's depression and

anxiety meet the de minimis standard" required to be classified as severe impairments. Pl.'s Mem. at 14. Responding, Defendant argues that "[a]t most, the medical records indicate that Plaintiff was diagnosed with depression and anxiety." Def.'s Mem. at 7 (citations omitted). According to Defendant, "[m]erely because Plaintiff complained of mental issues and was diagnosed with depression and anxiety does not establish that she ha[s] additional limitations due to depression and anxiety." Id. at 8.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, "[t]he severe impairment either must have lasted or must be expected to last for at least 12 months." Davis v. Barnhart, 186 F. App'x 965, 967 (11th Cir. 2006) (unpublished) (citing Barnhart v. Walton, 535 U.S. 212, 216 (2002)).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141. The Regulations provide six examples of "basic work

activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b); see also Davis, 186 F. App'x at 966-67.

Here, the ALJ found that Plaintiff's "medically determinable mental impairments of anxiety and depression, considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work-related activities and, therefore, are non-severe." Tr. at 314. The ALJ went on to discuss the record evidence related to Plaintiff's mental impairments. See Tr. at 315-16. The ALJ concluded:

> The evidence of record indicates that, from a psychological and cognitive perspective, [Plaintiff's] mental impairments are mild. [Plaintiff's] ability to complete activities of daily living is clearly not significantly impacted by mental conditions but more so by medical and pain conditions.
>
> Because [Plaintiff's] medically determinable mental impairments cause no more than "mild" limitation in any of the first three functional areas and "no" episodes of decompensation which have been of extended duration in the fourth area, they are non-severe.

Tr. at 316 (citation omitted).

The undersigned finds the ALJ's finding at step two that Plaintiff's depression and anxiety are non-severe is supported by substantial evidence. The ALJ discussed in detail the evidence of record, including medical evidence and Plaintiff's subjective complaints. See Tr. at 315-16. The ALJ noted that Plaintiff takes medication prescribed by her primary care physician, Dr. Fara Nadal, but she has not undergone any mental health counseling or

therapy. Tr. at 315. He observed that Dr. Lauren Lucas[6] opined Plaintiff "appears psychologically competent to perform a routine repetitive task and to appreciate the need for appropriate relations among coworkers and supervisors." Tr. at 315 (quoting Tr. 641 (Dr. Lucas's evaluation note)).[7] The ALJ, however, stated that "as noted by the State agency psychological consultant, the evidence of record supports that [Plaintiff] is capable of complex tasks, as well." Tr. at 315; see Tr. at 377 (opinion of state agency consultant). Notably, as the ALJ stated, Dr. Nadal "opined that [Plaintiff] does not have a mental impairment that 'significantly interferes with daily functioning.'" Tr. at 315 (quoting Tr. at 762 (Dr. Nadal's supplemental mental impairment questionnaire)). The ALJ further observed that, on examination, Plaintiff was oriented and cooperative, her thought processes were coherent and well-organized, her focus and concentration were adequate, her immediate and recent memory were intact, and her insight and judgment were fair. Tr. at 316; see, e.g., Tr. at 671, 681, 744, 800, 804.

> The ALJ also discussed Plaintiff's activities of daily living:
>
> [Plaintiff] is capable of bathing, dressing, grooming, and hygiene unassisted. She lives with and provides care to her mother, who has dementia. [Plaintiff] is capable of cooking and cleaning. She cleans her home, does laundry, grocery shops, and drives independently. She is able to purchase groceries without mental or physical aides. She is able to manage her own finances and enjoys reading and socializing online. She prefers online or telephone socialization versus in-person activities; however, she denies social anxiety initiating anxiety attacks.

Tr. at 315 (citation omitted); see Tr. at 374 (notes from telephone conference between Plaintiff and a state agency disability adjudicator).

---

[6] Dr. Lucas is a psychologist, who evaluated Plaintiff on December 8, 2011. See Tr. at 639-41.

[7] The ALJ does not refer to Dr. Lucas by name, but Dr. Lucas's evaluation note contains the opinion that the ALJ quotes, and the ALJ states that the "consultative psychologist" gave the opinion. Tr. at 315.

Plaintiff's argument relies almost entirely on Plaintiff's subjective complaints about her depression and anxiety. See Pl.'s Mem. at 14-18. The ALJ sufficiently discussed these complaints, as well as the rest of the evidence of record, and it is evident the ALJ considered the record as a whole. The ALJ's step-two finding is supported by substantial evidence. Plaintiff's argument essentially requests a reweighing of evidence. This the Court cannot do.

**B. RFC Determination**

Plaintiff contends the ALJ's RFC determination does not account for Plaintiff's limitations from her headaches, IBS, and mental impairments. See Pl.'s Mem. at 6-23. According to Plaintiff,

> Despite significant and uncontradicted evidence of frequent debilitating headaches associated with nausea, phonophobia, and photophobia requiring Plaintiff to lie down in a dark room, as well as IBS symptoms of severe abdominal pain and incontinence, and . . . significant mental limitations primarily related to depression, but most especially to anxiety that results in panic attacks, the RFC contains literally no limitation to account for Plaintiff's need to absent herself from the workstation or from her workplace or, perhaps more importantly, from the standpoint of this Court's ability to perform meaningful judicial review, any explanation by the ALJ regarding why such limitations were excluded.

Id. at 20.

Responding, Defendant argues that "[a]lthough Plaintiff describes in detail her treatment and symptoms regarding her migraines and IBS, she points to no medical opinion evidence that her migraines and IBS cause greater limitations than found in the RFC." Def.'s Mem. at 11. According to Defendant, "the ALJ's [D]ecision contains a detailed analysis of the substantial record evidence supporting [his] RFC finding, including evidence of Plaintiff's history of migraines and IBS." Id. at 12 (citation omitted). Defendant does not specifically address whether the RFC accounts for Plaintiff's mental impairments.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the undersigned finds that the ALJ, in formulating Plaintiff's RFC, took into account Plaintiff's headaches, IBS, and mental impairments. The ALJ discussed the evidence of record, including objective medical evidence, Plaintiff's subjective complaints, and Plaintiff's activities of daily living. See Tr. at 322-25. He concluded that "[o]bjective findings in examination, including normal motor, sensory, and coordination observed by treating sources, treating source opinion, and [Plaintiff's] activities of daily living support [the RFC]." Tr. at 325. Plaintiff again merely summarizes the evidence of record related to her headaches, IBS, and mental impairments. See Pl.'s Mem. at 6-34. Much of Plaintiff's discussion consists of her subjective complaints that the ALJ discredited. Tr. at 322. Plaintiff does not challenge the ALJ's assessment of Plaintiff's subjective complaints.[8] Having

---

[8] Plaintiff argues in a footnote that "[t]he ALJ's description of Plaintiff's testimony is . . . highly selective" apparently because the ALJ did not state that Plaintiff testified "she only leaves the house when she has to and has crying spells up to three days weekly." Pl.'s Mem. at 15 n.13 (citing Tr. at 354-55). This argument fails. "[T]here is no rigid requirement that the ALJ specifically refer to every
(continued...)

appropriately discounted Plaintiff's subjective complaints, the ALJ was only required to account for Plaintiff's impairments to the extent the ALJ found the allegations credible and to the extent they were consistent with the evidence.

Accordingly, the ALJ properly considered and discussed the evidence of record related to Plaintiff's headaches, IBS, and mental impairments. The RFC determination is supported by substantial evidence.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **AFFIRMING** the Commissioner's decision.

2. The Clerk of Court is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 19, 2018.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of record

---

[8](...continued)
piece of evidence in his [D]ecision, so long as the ALJ's decision, as was not the case here, is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'" Dyer, 395 F.3d at 1211 (quoting Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995)). The ALJ discussed Plaintiff's subjective complaints sufficiently, see Tr. at 315, 322, and it is clear from the Decision that the ALJ considered the record as a whole.